LEONARDO RAPADAS
United States Attorney
STEVE CHIAPPETTA
Special Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Ave.
Hagåtña, Guam 96910
Telephone: (671) 472-7332
Telecopier: (671) 472-7334

Attorneys for United States of America

**ORIGINAL**

**FILED**
DISTRICT COURT OF GUAM
JAN 1 1 2006
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 05-00070 |
| Plaintiff, | |
| vs. | **PLEA AGREEMENT** |
| KANYA ALEXANDER DAILEY | |
| Defendant. | |

Pursuant to Rule 11(e)(1)(B), the United States and the defendant, KANYA ALEXANDER DAILEY enter into the following plea agreement:

1. The defendant, KANYA ALEXANDER DAILEY, agrees to enter a guilty plea to an Indictment charging him with Count IV, Trespassing, under 18 U.S.C. section 1382 (misdemeanor) and Count II, Unlawful Possession of Military Identification Card, under 18 U.S.C. Section 701 (misdemeanor). The government will dismiss Counts I, III and V upon sentencing.

2. The defendant, KANYA ALEXANDER DAILEY, further agrees to fully and truthfully cooperate with Federal and territorial law enforcement agents concerning any investigation of stolen, unauthorized and/or fraudulent military identification cards. He agrees to testify fully and truthfully before any grand juries and at any trials or other proceedings if called upon to do so for the United States, subject to prosecution for perjury for not testifying

truthfully. The United States will make this cooperation known to the Court prior to the defendant's sentencing. The defendant further understands that he remains liable and subject to prosecution for any non-violent Federal or Territorial offenses that he does not fully advise the United States, or for any material omissions in this regard. In return for this cooperation, the United States agrees not to prosecute defendant in the District of Guam or the Commonwealth of the Northern Mariana Islands for any other non-violent Federal offenses now known to the government or which he reveals to Federal authorities.

3. The defendant further agrees to submit to a polygraph examination by any qualified Federal polygraph examiner. The defendant understands that such polygraph examinations may include, but will not be limited to, her knowledge of or involvement in stolen unauthorized and/or forged military identification cards and related activities, and her knowledge of others' involvement in such activities. Defendant understands that the government will rely on the polygraph in assessing whether he has been fully truthful.

4. The defendant understands that the maximum sentence for Trespassing is a $5000.00 fine; imprisonment for 6 months, or both. The defendant further understands that the maximum sentence for Unlawful Possession of a Military /Identification card is a $5000.00 fine; imprisonment for 6 months, or both. Any sentence of incarceration shall include a term of supervised release of not more than three (3) years. The total of $25 special assessment fee must be paid prior to or upon sentencing. If defendant cooperates as set forth in Paragraphs 2 and 3, the government will recommend that defendant receive the minimum term of incarceration recommended by the Sentencing Guidelines, and credit for time served, if any. If defendant does not fully cooperate as set forth in Paragraphs 2 and 3, the government will recommend a sentence of incarceration within the Guidelines range it may deem appropriate.

The government will recommend a fine within the Sentencing Guidelines range. If defendant is financially unable to immediately pay the fine in full, defendant agrees to make a full disclosure of her financial status to the United States Attorney's Office by completing a

Financial Disclosure Form (OBD-500) for purpose of fixing a monthly payment schedule. Defendant understands that, by law, interest accrues on any remaining balance of the debt.

5. The defendant understands that to establish the following violations, the government must prove each of the following elements beyond a reasonable doubt:

A. Count II, Unlawful Possession of Military Identification Card, 18 U.S.C. section 701:

> <u>First</u>, that the defendant possessed an identification card of the design prescribed by the head of an Agency of the United States;
>
> <u>Second</u>, that the possession and or use of the identification card was not authorized.

B. Count IV, Trespassing, under 18 U.S.C. section 1382:

> <u>First</u>, that the defendant knowingly entered onto Naval property of the United States;
>
> <u>Second</u>, that the defendant was not licensed or privileged to enter onto the property;
>
> <u>Third</u>, that the defendant entered Naval property for an unlawful purpose.

6. The defendant understands that the Sentencing Guidelines apply to this offense. The government and the defendant stipulate to the following facts for purposes of the Sentencing Guidelines:

a. The defendant was born on February 7, 1980, and is a citizen of the United States.

b. If the defendant cooperates with the United States by providing information concerning the unlawful activities of others, the government agrees that any self-incriminating information so provided will not be used against defendant in assessing her punishment, and therefore, pursuant to § 1B1.8 of the Sentencing Guidelines, this information should not be used in determining the applicable guidelines range.

c. On or about July 22, 2005 the defendant, a civilian, did knowingly possess a Department of Defense Identification Card that was not properly issued to him. The defendant knew he was not authorized to possess the Department of Defense Identification card that was issued to him on or about July 22 2005. On or about July 28, 2005 the defendant did knowingly, unlawfully and without authorization, enter onto Naval Base Guam for an unlawful purpose, to wit: to fraudulently obtain military identification card.

d. The defendant understands that notwithstanding any agreement of the parties, the United States Probation Office will make an independent application of the Sentencing Guidelines. The defendant acknowledges that should there be discrepancies in the final Sentencing Guidelines range projected by his counsel or any other person, such discrepancy is not a basis to withdraw his guilty plea.

7. The defendant understands that this plea agreement depends on the fullness and truthfulness of her cooperation. Therefore, defendant understands and agrees that if he should fail to fulfill completely each and every one of her obligations under this plea agreement, or make material omissions or intentional misstatements or engage in criminal conduct after the entry of her plea agreement and before sentencing, the government will be free from its obligations under the plea agreement; thus defendant, in addition to standing guilty of the matters to which he has pled pursuant to this agreement, shall also be fully subject to criminal prosecution for other crimes. In any such prosecution, the prosecuting authorities, whether Federal, State, or Local, shall be free to use against her, without limitation, any and all information, in whatever form, that he has provided pursuant to this plea agreement or otherwise; defendant shall not assert any claim under the United States Constitution, any statute, Rule 11(e)(6) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other provision of law, to attempt to bar such use of the information.

8. The defendant understands that his sentencing may be continued, at the sole discretion of the United States, until after the indictment and trial of any associates involved. This will also enable the Court to see the full degree of the defendant's cooperation. The defendant therefore

waives any right he may have to any speedy sentencing and hereby agrees to any continuance of his sentencing date as it may become necessary.

9. The defendant agrees to waive any right to appeal or to collaterally attack this conviction. The defendant reserves the right to appeal the sentence actually imposed in this case.

10. The defendant acknowledges that he has been advised of his rights as set forth below prior to entering into this plea agreement. Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

    a. The nature and elements of the charge and the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

    b. His right to be represented by an attorney;

    c. His right to plead not guilty and the right to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate herself, that is, the right not to testify;

    d. That if he pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into this plea agreement, he waives, that is, gives up, the right to a trial;

    e. That, upon entry of a plea of guilty, or thereafter, the Court may ask him questions about the offenses to which he has pled, under oath, and that if he answers these questions under oath, on the record, his answers may later be used against him in prosecution for perjury or false statement if an answer is untrue;

    f. That he agrees that the plea agreement is voluntary and not a result of any force, threats or promises apart from this plea agreement;

Case 1:05-cr-00070   Document 21   Filed 01/11/2006   Page 5 of 6

g. That he reads, writes and speaks the English language and has no need for an interpreter;

h. That he has read the plea agreement and understands it.

i. The Defendant is satisfied with the representation of her lawyer and feels that his lawyer has done everything possible for her defense.

DATED: 1/10/2006

_____
KANYA ALEXANDER DAILEY
Defendant

DATED: 1/10/06

_____
ALEXANDER A. MODABER
Attorney for Defendant

LEONARDO RAPADAS
United States Attorney
Districts of Guam and NMI

DATED: 1/11/06    By: _____
STEVE CHIAPPETTA
Special Assistant U.S. Attorney

DATED: 1·11·06

_____
RUSSELL C. STODDARD
First Assistant United States Attorney

- 6 -